Judge Underwood
delivered the opinion ol toe Court.
'1 HE rule m chancery causes is, that the record must shew every thing necessary to sustain the decree. Upon Smith’s death, regularly, the suit should have been revived by bill ol revivor in the name of the executor. Instead of doing so, an order to this effect was entered : u ordered, on motion, that this suit be revived, and prosecuted in the name of Isaac M. Myers, executor &c.”
It no where appears who made the motion, nor is there any thing in the record shewing that Myers thereatter had notice of the existence of the order, li the defendant caused the entry to be made, and the executor of Smith had no knowledge of-it, all. subsequent proceedings were ex parte, and the decree ought not to be sustained, because it would bar layers, il he be executor, so long as it remains in force.
As the order does not appear to have been made on the motion of Myers, we think it too vague and uncertain to permit the decree to stand.
Wherefore, it is reversed, with costs, and the cause remanded for a regular revivor of the suit in the circuit court, or for an abatement thereof by the death of Smith.